FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 09 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

PHILLIP MILLER,

                Petitioner,

        v.

PATRICK GRIFFIN,

                Respondent.

-----------------------------------------------------------x

**MEMORANDUM & ORDER**
11 CV 910 (MKB)

MARGO K. BRODIE, United States District Judge:

    Petitioner Phillip Miller proceeding *pro se* brings the above-captioned petition pursuant to 28 U.S.C. § 2254, in which he alleges that he is being held in state custody in violation of his federal constitutional rights. Petitioner's claims arise from a guilty plea entered on May 3, 2000 in the County Court, Suffolk County, for two counts of robbery in the first degree and one count of criminal possession of a weapon in the third degree. Petitioner was sentenced to two concurrent terms of twenty years and one term of seven years. After his sentencing, Petitioner filed a direct appeal, followed by a number of collateral attacks to his sentence. In his most recent application, Petitioner moved the County Court, Suffolk County to set aside his sentence, arguing that it violated the Eighth and Fourteenth Amendments of the United States Constitution. The court denied Petitioner's motion, and Petitioner appealed to the Appellate Division, Second Department. The Appellate Division affirmed the denial of Petitioner's motion. *People v. Miller*, 903 N.Y.S.2d 131, 132 (App. Div. 2010). The New York Court of Appeals denied leave to appeal. *People v. Miller*, 15 N.Y.3d 854 (2010). In the instant petition, Petitioner argues that

his sentence violated the Eighth and Fourteenth Amendments. For the reasons set forth below, the petition is denied.

I. **Background**

On October 29, 1998, Petitioner and two other individuals, Ovidio Santiago and Walter Herrera, robbed Ruba's Deli. (Plea Tr. 9–11.) When they robbed the deli, Petitioner displayed a pistol and one of his co-defendants displayed a shotgun. *Id.* at 10. On December 28, 1998, Petitioner, along with Santiago and Herrera, entered McDonald's displaying a semi-automatic pistol and forcibly stole property. *Id.* at 11–12. Petitioner was subsequently charged in a 20-count indictment. (Resp't Opp'n 4, 9–11.) On May 3, 2000, Petitioner pled guilty to two counts of robbery in the first degree and one count of criminal possession of a weapon in the third degree. (Plea Tr. at 13.) Petitioner waived his right to appeal his conviction and sentence. *Id.* at 6–8, 12. The remaining 17 counts of the indictment were dismissed and Petitioner was conditionally promised a sentence of 20 years. *Id.* at 2–3. Herrera was acquitted at trial, and Santiago pled guilty to four counts of robbery in the first degree and was sentenced to seven years. (Resp't Appellate Br. 2.) On August 7, 2000, Petitioner was sentenced to two terms of 20 years for the two robbery counts and one term of seven years for the criminal possession count. (Sentencing Tr. 9–10.) All sentences were to be served concurrently. *Id.* at 10–11.

Petitioner appealed, moving to withdraw his guilty plea. Petitioner argued on appeal that he was denied effective assistance of counsel and that his sentence was excessive. The Appellate Division, Second Department rejected Petitioner's claims, finding, among other things, that because Petitioner had pled guilty "with the understanding that he would receive the sentence which was thereafter actually imposed, he has no basis to now complain that the sentence was

excessive." *People v. Miller*, 767 N.Y.S.2d 663, 664 (App. Div. 2003). The New York Court of Appeals denied leave to appeal. *People v. Miller*, 1 N.Y.3d 598 (2004).

On June 16, 2008, Petitioner filed a motion to set aside his sentence pursuant to CPL § 440.20 ("440 motion"), alleging that his sentence was unconstitutionally disproportionate to the sentences imposed on his co-defendants.[1] (Resp't Aff. Opp'n 440 Mot. ¶¶ 2, 8.) The court denied Petitioner's motion, finding that Petitioner's plea was knowingly, voluntarily and intelligently entered and that Petitioner failed to show that his sentence was "unauthorized, illegally imposed or otherwise invalid as a matter of law." *People v. Miller*, No. 684A-99, slip op. at 1 (N.Y. Crim. Ct. Aug. 27, 2008). Moreover, the court found Petitioner was procedurally barred from raising his claim in a 440 motion because it was previously raised on direct appeal and decided on the merits. *Id.*

Petitioner filed an application for leave to appeal to the Appellate Division, which was granted. (Resp't Appellate Br. 6.) Upon review, the Appellate Division affirmed the lower court's decision. *People v. Miller*, 903 N.Y.S.2d 131, 132 (App. Div. 2010). The Appellate Division found that, to the extent that Petitioner was arguing that his sentence was excessive, his claim was procedurally barred because it was previously decided, and there had been no retroactively effective change in the law controlling the issue. *Id*; *see* N.Y. Crim. P. Law § 440.20(2) ("[T]he court may deny [a motion to set aside a sentence] when the ground or issue raised thereupon was previously determined on the merits upon an appeal from the judgment or sentence, unless since the time of such appellate determination there has been a retroactively effective change in the law controlling such issue."). The Appellate Division also rejected

---

[1] Prior to June 16, 2008, Petitioner filed a number of post-judgment motions raising claims that are not asserted in the instant petition.

Petitioner's claim that his sentence constituted cruel and unusual punishment in violation of the Eighth Amendment and violated his right to equal protection under the law in violation of the Fourteenth Amendment. *Id.* at 132–33. The Appellate Division found that Petitioner had failed to demonstrate "the existence of exceptional circumstances that would render his sentence, which was within the statutory limits, cruel and unusual punishment." *Id.* at 133. With regard to Petitioner's equal protection claim, the Appellate Division found that Petitioner had not demonstrated that his sentence violated the right to equal protection under the laws, noting that equal protection "does not require identity of treatment." *Id.* The New York Court of Appeals denied Petitioner leave to appeal. *People v. Miller*, 909 N.Y.S.2d 31 (2010). Petitioner moved for reconsideration, but that motion was also denied. *People v. Miller*, 913 N.Y.S.2d 649 (2010). Accordingly, Petitioner's claims are exhausted. *See* 28 U.S.C. § 2254 (b)(1) ("An application for habeas corpus . . . shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State.").

## II. Discussion

### a. Standard of Review

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment may only be brought on the grounds that his or her custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petitioner is required to show that the state court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d); *Lafler v. Cooper*, 566 U.S. ---, 132 S. Ct. 1376, 1390 (2012).

For the purposes of federal habeas review, "clearly established law" is defined as "the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A state court decision is "contrary to," or an "unreasonable application of," clearly established law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different from that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case. *Id.* at 412–13. In order to establish that a state court decision is an unreasonable application, the state court decision must be "more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The decision must be "objectively unreasonable." *Id.* In addition, factual determinations made by the state court are presumed to be correct, and the petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### b. Eighth Amendment Claim

The Eighth Amendment prohibits sentences that are "grossly disproportionate" to the crime of conviction. *United States v. Bullock*, 550 F.3d 247, 252 (2d Cir. 2008) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 960 (1991)). Federal courts "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Solem v. Helm*, 463 U.S. 277, 290 (1983); *see also Riggs v. California*, 525 U.S. 1114, 119 S. Ct. 890, 891 (1999) (noting that the Supreme Court has

"traditionally accorded to state legislatures considerable (but not unlimited) deference to determine the length of sentences"); *Taylor v. Poole*, No. 07 Civ. 6318, 2009 WL 2634724, at *21 (S.D.N.Y. Aug. 27, 2009) ("Because a habeas court must grant considerable deference to legislatively mandated terms of imprisonment, successful challenges to sentences are exceedingly rare." (citations and internal quotations marks omitted)). Indeed, the Court of Appeals for the Second Circuit has held that "[n]o federal constitutional issue is presented where ... the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also Dorsey v. Irvin*, 56 F.3d 425, 427 (2d Cir. 1995) ("No federal constitutional issue arises from considering prior arrests when a state sentence is within the range allowed by state law."); *Edwards v. Napoli*, No. 09 Civ. 103, 2011 WL 6329859, at *10 (E.D.N.Y. Dec. 16, 2011) ("As petitioner's sentence falls within the range established by state law, his claim does not present a basis for federal habeas relief.").

Petitioner does not dispute that his sentence falls within the range prescribed by state law.[2] Rather, Petitioner argues that the state court erred in failing to apply the three factors set forth by the Supreme Court in *Solem v. Helm*, 463 U.S. 277 (1983), in determining whether his sentence was disproportionate to the crime for which he was convicted. (Pet'r Reply ¶¶ 8–13.) In *Solem*, the Supreme Court set forth three factors to use in determining whether a sentence is cruel and unusual punishment: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the commission of the same crime in other jurisdictions. 463 U.S. at 292. On appeal, Petitioner argued that under the factors set forth in *Solem* as well as in *People v. Broadie*, 37

---

[2] At the time of sentencing, the range for robbery in the first degree was 5 to 25 years. N.Y. Penal Law § 70.02. At the time of sentencing, the range for criminal possession of a weapon in the third degree was 2 to 7 years. *Id.*

6

N.Y.2d 100 (1975), Petitioner's 20-year sentence constitutes cruel and unusual punishment.[3] (Pet'r Appellate Br. 20–21.) The Appellate Division rejected this argument, holding that "defendant failed to demonstrate the existence of exceptional circumstances that would render his sentence, which was within the statutory limits, cruel and unusual punishment." *Miller*, 903 N.Y.S.2d at 133. This decision is not contrary to or an unreasonable application of federal law.

A full review of a sentence under the *Solem* factors "is only necessary in exceptional cases where a 'threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality.'" *Hsu v. Cunningham*, No. 05 Civ. 4586, 2006 WL 938729, at *5 (S.D.N.Y. Apr. 11, 2006) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991) (Kennedy, J. concurring)); *see also United States v. Bennett*, 252 F.3d 559, 566–67 (2d Cir. 2001) (noting that the court's review of challenges to sentences as disproportionate is "very limited"); *United States v. Hildenbrandt*, 378 F. Supp. 2d 44, 47 (N.D.N.Y. 2005) (consideration of the *Solem* factors is only necessary where the petitioner has made a threshold comparison of gross disproportionality). Petitioner failed to make such a showing and, thus, the state court was not required to conduct a comprehensive analysis under *Solem*.

Petitioner argues that because of the disparity between his sentence and those of his co-defendants, his sentence is grossly disproportionate. At the outset, the Court notes that Herrera was acquitted at trial and, therefore, has no sentence to compare with Petitioner's sentence. (Resp't Opp'n 10–11.) Santiago pled guilty to four counts of robbery in the first degree and received a sentence of seven years. (Resp't Appellate Br. 2.) However, as discussed in more detail below, Petitioner's sentence reflects his prior criminal record — Petitioner was on

---

[3] In *Broadie*, the New York Court of Appeals found that in determining whether a sentence is grossly disproportionate and thereby violates the Eighth Amendment, the court should look to the gravity of the offense, the character of the offender and the danger the offender poses to society. *Broadie*, 37 N.Y.2d at 112–113.

probation at the time of the robberies, whereas Santiago had no such criminal record — as well as Petitioner's more significant leadership role in the robberies. *Id.* at 9, 11. Thus, Petitioner has failed to meet the threshold requirement of gross disproportionality required to trigger an in-depth analysis under *Solem*. *Hsu*, 2006 WL 938729, at *5.

Where a sentence is within the range prescribed by state law, a federal habeas court must defer to that sentence, except "in extreme circumstances such as where the punishment is barbaric or vastly disproportionate to the crime committed." *Ledesma v. Cunningham*, No. 03 Civ. 6322, 2004 WL 1775677, at *23 (S.D.N.Y. Aug. 10, 2004), *adopted by* 2004 WL 2319326 (S.D.N.Y. Oct. 14, 2004) (quoting *Salcedo v. Artuz*, 107 F. Supp. 2d 405, 414 (S.D.N.Y. 2000)); *see also Perez v. Conway*, No. 09 Civ. 5173, 2011 WL 1044607, at *19 (S.D.N.Y. Mar. 18, 2011) ("It is only in extraordinary circumstances that a sentence within the lawful range could run afoul of the Eighth Amendment."). Petitioner has failed to demonstrate any extreme circumstances that would indicate that his sentence, which is within the statutory range, violates the Eighth Amendment. Accordingly, Petitioner's Eighth Amendment claim is denied. *See Giraldo v. Bradt*, No. 11 Civ. 2001, 2012 WL 3835112, at *17 (E.D.N.Y. Sept. 5, 2012) ("As petitioner's sentence falls within the range established by state law, his claim does not present a basis for federal habeas relief.").

### c. Fourteenth Amendment Claim

Petitioner also argues that his sentence violates the Fourteenth Amendment because it is disproportionate to the sentences of his co-defendants. "[E]qual protection does not require that all persons be dealt with identically, but it does require that a distinction made have some relevance to the purposes for which the classification is made." *Nat'l Awareness Foundation v. Abrams*, 50 F.3d 1159, 1163 (2d Cir. 1995) (quoting *Baxtrom v. Herold*, 383 U.S. 107, 111

8

(1966); *see also Walters v. City of St. Louis*, 347 U.S. 231, 237 (1954) ("[E]qual protection does not require identity of treatment. It only requires that classification rest on real and not feigned differences, that the distinction have some relevance to the purpose for which the classification is made, and that the different treatments be not so disparate, relative to the difference in classification, as to be wholly arbitrary."). Moreover, "[t]he Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences." *Williams v. Illinois*, 399 U.S. 235, 243 (1970); *see also United States v. Adams*, 8 F. App'x 85, 86 (2d Cir. 2001) ("Absent extraordinary circumstances, a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants.") (quoting *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)); *Thomas v. Greiner*, 111 F. Supp. 2d 271, 279 (S.D.N.Y. 2000) ("There exists no authority for the proposition that all persons convicted of the same crime must receive the same sentence." (emphasis omitted)).

It is well established in the Second Circuit that "disparities in sentences among co-defendants are generally not reviewable." *United States v. Perez*, 904 F.2d 142, 147 (2d Cir. 1990); *see also Daniels v. New York*, No. 07 Civ. 448, 2009 WL 2602267, at *18 (E.D.N.Y. Aug. 21, 2009) ("A disparity between Petitioner's sentence and that of his co-defendants does not give rise to a constitutional claim."). The disparity between Petitioner's sentence and Santiago's sentence reflects Petitioner's more culpable role in the acts charged. The Pre-Sentence Report states:

> [Petitioner] used a laser light taped to his gun and he would terrorize and threaten the victims as they were being robbed . . . [Petitioner] called himself and his confederates the "Dead End Bums" and took photographs of each other bearing guns, swords and sawed-off shotguns . . . [Petitioner was] the leader who was

> trying to form a gang, although [his co-defendants] were culpable as well.

(Resp't Opp'n 10–11 (quoting Pre-Sentence Report).) Petitioner's sentence also reflects his prior criminal history and the fact that he was on probation during the time in which the instant offenses occurred. (Resp't Appellate Br. 9, 11.) Thus, the sentence imposed rested on "real and not feigned differences" and was not contrary to or an unreasonable application of clearly established federal law. *Walters*, 347 U.S. at 237.

## III. Conclusion

For the foregoing reasons, the petition for habeas corpus is denied and the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253. It is further certified pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444, 455 (1962). The Clerk of Court is directed to close the case.

SO ORDERED.

/S/
MARGO K. BRODIE
United States District Judge

Dated: October 9, 2012
Brooklyn, New York